IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KELLY LEE ANN WRIGHT                                                          PLAINTIFF

V.                            CIVIL NO. 10-5104

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                        DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kelly Lee Ann Wright, brings this action pursuant to 42 U.S.C.§ 405(g), seeking judicial review of a decision of the Social Security Administration (Commissioner) denying her claim for supplemental social security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C.§ 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed an application for SSI on September 12, 2005, alleging an inability to work since March 2, 2005, due to a herniated disk, back pain, neck pain, debilitating headaches, and depression. (Tr. 49). An administrative hearing was held on June 27, 2007, at which Plaintiff appeared with counsel and testified. (Tr. 455-495).

By written decision dated October 22, 2007, the Administrative Law Judge (ALJ) found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 15). Specifically, the ALJ found Plaintiff had the following severe impairments: mild depression and minimal disc desiccation at L4-5 resulting in complaints of chronic back pain. (Tr.

15). However, after reviewing all of the evidence, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 18). The ALJ found Plaintiff retained the residual function capacity (RFC) to do medium work. (Tr. 20). Specifically the ALJ found Plaintiff retained the RFC to:

> lift and carry 50 pounds occasionally and 25 pounds frequently. She can sit for 6 hours in an 8-hour workday and stand and/or walk for 6 hours in an 8-hour work day. She can perform jobs that are non-complex in nature, involve simple instructions with little judgment, and can be learned by rote with few variables. Superficial contact should be incidental to work with co-workers and the work environment should not include large public crowds. Supervision needs to be concrete, direct, and specific.

(Tr. 20). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform her past relevant work as a mail clerk. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 6, 2010. (Tr. 4-6). Subsequently, Plaintiff filed this action. (Doc.1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742,747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those position represents the findings of the ALJ, the decision of the ALJ must be affirmed. McNamara v. Astrue, 590 F.3d 607, 610 (8th Cir. 2010).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairments" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of

her residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R.§ 404.1520.

**III.    Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004). It is assessed using all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore an "ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In making the RFC determination, the ALJ noted that Plaintiff testified that during the relevant time period she worked cleaning houses. (Tr. 23). At the hearing before the ALJ, VE Jim Spragins testified that the "housekeeper" position was given an unskilled medium work rating by the Dictionary of Occupational Titles (DOT).[1] (Tr. 471). He explained that this job was probably given a medium rating not because of the lifting required, but because of the physical exertion

---

[1] Domestic Service Industry Day Worker, DOT # 301.687-014

required to sweep, mop, and perform other household chores. (Tr. 471). However, Plaintiff testified that the heaviest weight she lifted while working as a house cleaner was her light-weight, non-commercial vacuum cleaner, which she estimated to weigh about 20 pounds. (Tr. 466-467). She testified that she only carried the vacuum from her car to the client's house. (Tr. 466). The record is void of any opinion from a medical professional regarding Plaintiff's capabilities.

A review of the medical records reveals that Plaintiff sought treatment for back pain, which started after she was involved in a car accident sometime around February 2004.[2] From July 16, 2004 through June 23, 2005, Plaintiff went to Smith Chiropractic 52 times for treatment of her back pain. (Tr. 312-313). A report from Smith Chiropractic dated August 10, 2004, noted Plaintiff's injury as Grade III Moderate. (Tr. 316). Her prognosis was noted as fair. (Tr. 316). On May 4, 2005, Plaintiff underwent a MRI of the lumbar spine without contrast at Arkansas Open MRI. (Tr. 96, 305). The MRI revealed mild disk desiccation, a mild diffuse disc bulging, and minor inferomedial narrowing at the L4-5 level. In addition, there was "a small high signal intensity zone representing an annual fissure/ tear" within the right posterolateral disc fibers. (T. 96, 305). On May 27, 2005, Plaintiff saw Dr. D. Luke Knox at the Northwest Arkansas Neurosurgery Clinic. (Tr. 304). He noted that Plaintiff had been seeing a chiropractor, which was helping her neck but not her back pain. He instructed Plaintiff to continue with the chiropractic appointments. On June 9, 2005 and August 19, 2005, Plaintiff saw Katrina Richard, PA-C, for treatment of her back pain. (Tr. 318-320, 324-325). On June 9, 2005, Plaintiff was referred to the pain center for a cortisone shot, and was

---

[2]When the car accident occurred is unclear: the record states February of 2004 on two different occasions (Tr. 304, 441) and January of 2004 twice (Tr. 315, 340); however, the Plaintiff testified twice during her hearing before the ALJ that it occurred in February of 2003. (Tr. 473, 475).

given a steroid taper to temporarily relieve some of her pain. (Tr. 325). On August 19, 2005, Plaintiff reported to Ms. Richard that she could not arrange a fee payment for the cortisone shot. (Tr. 318-320). Ms. Richard gave Plaintiff an injection of Decadron and Depomedrol to help relieve her pain. On December 2, 2005, Plaintiff saw Dr. Shannon Wipf for treatment of her back pain. (Tr. 340). Dr. Wipf noted that Plaintiff's bulging disc was not severe enough to warrant surgery, and gave Plaintiff an injection of Depomedrol for her pain.

The record clearly shows Plaintiff has been diagnosed with minimal disc desiccation at L4-5 and that Plaintiff has complained of limitations due to this impairment. However, there is no medical evidence to support the ALJ's finding that Plaintiff had the RFC to perform medium work. After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination, and believes remand is necessary so that the ALJ can more fully and fairly develop the record.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff -- including Dr. Kim Emerson and Dr. Shannon Wipf -- asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. If the ALJ is unable to obtain a RFC assessment from a treating physician, the ALJ should obtain one from a non-examining medical consultant who has reviewed the medical evidence for the relevant time period.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and

supported by the evidence.

**IV.    Conclusion:**

Accordingly, the undersigned concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C.§ 405(g).

DATED this 22nd day of June 2011.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE